[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence SEPTEMBER 1, 1995 Date of Application SEPTEMBER 25, 1995 Date Application Filed SEPTEMBER 27, 1995 Date of Decision AUGUST 27, 1996
 Application for review of sentence imposed by the Superior Court, Judicial District of New London.
Docket Nos. CR 10-219154; CR 10-219155;
Greg Wagman, Esq., Defense Counsel, for Petitioner.
Lawrence Tytla, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
Following a trial by jury, the petitioner was convicted, in Docket No. CR 10-219154, of Larceny, 4th degree (§ 53a-125(a), and in Docket No. CR 10-219155, of Larceny 1st degree (§ 53a-122(a)(2). He was sentenced to a term of eight years, execution suspended after three years with a five year CT Page 5253-R probationary term in the latter case and a one year concurrent sentence in the former for an effective sentence of eight years, suspended after three years, probation for five years.
The petitioner, an employee of Pfizer's Pharmaceuticals, Inc., in Groton, had stolen several computers from his employer with a total value well in excess of $10,000. In addition, many other items of property belonging to Pfizer's were found in the petitioner's home, including electrical tools, hand tools, electrical equipment, and a snowblower.
The petitioner has no prior criminal record. In asking for a reduction in the sentence, both the petitioner and his counsel ask the Division to consider the financial impact the sentence has on his family. Although he and his wife were in the process of getting a divorce at the time of his sentencing, there are four children for whom he would be obliged to contribute support. This same situation was made known to the sentencing court which had to weigh the petitioner's personal history along with the purposes of a sentence of incarceration, which include the deterrent, denunciatory and rehabilitative goals. The court also had to weigh the nature and seriousness of the offense as well as the character of the petitioner.
In opposing the request for sentence reduction, the State's Attorney points out that these were serious offenses, that the petitioner was totally uncooperative with the police investigation and gave them misinformation about how he obtained the stolen items. In his comments to the sentencing court, the petitioner professed his innocence.
The sentencing court was faced with a convicted, but unrepentant criminal who had stolen property worth considerable sums from his employer. It imposed a sentence well below the maximum which could have been imposed.
The Division has considered this sentence as mandated by § 942 of the Practice Book. It is clearly neither inappropriate nor disproportionate. We affirm it.
KLACZAK, J.
STANLEY, J.
MIANO, J. CT Page 5253-S
Klaczak, Stanley and Miano, J.s, participated in this decision.